RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
       osandel@dpf-law.com

*Attorneys for Defendants Stephan Jenkins,
individually and doing business as 3EB Publishing,
and Third Eye Blind, Inc., a California corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN CADOGAN, an individual,<br><br>                       Plaintiff,<br><br>     v.<br><br>STEPHAN JENKINS, an individual; THIRD EYE BLIND, INC., a California corporation; 3EB PUBLISHING, an unknown entity; and DOES 1-20,<br><br>                       Defendants. | CASE NO. 3:18-CV-06342 (JCS)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT OF KEVIN CADOGAN**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. Joseph C. Spero, Presiding<br><br>(E-filing) |

COME NOW Defendants Stephan Jenkins, individually and doing business as 3EB Publishing ("Jenkins"), and Third Eye Blind, Inc., a California corporation ("TEB") (collectively, "Defendants"), and, in answer to the complaint of Plaintiff Kevin Cadogan ("Plaintiff" or "Cadogan"), admit, deny and allege as follows:

**NATURE OF THE ACTION**

1.  Answering the allegations of Paragraph 1 of the Complaint, Defendants admit: (i) that Plaintiff's Complaint is an action for declaratory relief, accounting and unjust enrichment; (ii) that Defendants dispute Plaintiff's authorship of, and entitlement to revenue generated by, the sound recordings alleged; and (iii) that Defendants claim ownership to digital performance

royalties which are collected and distributed by SoundExchange. Defendants deny each and every one of the remaining allegations of Paragraph 1 of the Complaint.

## **PARTIES**

2. Answering the allegations of Paragraph 2 of the Complaint, Defendants admit that Cadogan is a California resident. Defendants deny each and every one of the remaining allegations of Paragraph 2 of the Complaint.

3. Answering the allegations of Paragraph 3 of the Complaint, Defendants admit: (i) that Jenkins is a California resident; (ii) that Jenkins created, formed and founded the rock band Third Eye Blind and is its lead vocalist; and (iii) that Jenkins resides in this judicial district. Defendants deny each and every one of the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Answering the allegations of Paragraph 5 of the Complaint, Defendants deny that 3EB Publishing is an unknown entity; 3EB Publishing is a fictitious business name of Jenkins. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 5 of the Complaint and, on that basis, deny each and every one of the remaining allegations of the said Paragraph 5.

6. To the extent Paragraph 6 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that Paragraph 6 contains factual allegations concerning defendants DOES 1 through 20, Defendants are without sufficient information or knowledge to admit or deny the said allegations and, on that basis, deny each and every one of those allegations.

7. To the extent Paragraph 7 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that Paragraph 7 contains factual allegations concerning defendants DOES 1 through 20, Defendants are without sufficient information or knowledge to admit or deny the said allegations and, on that basis, deny each and every one of those allegations.

//

**JURISDICTION AND VENUE**

8. To the extent Paragraph 8 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 8 of the Complaint, Defendants admit that Plaintiff's Complaint seeks declaratory relief. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 8 and, on that basis, deny each and every one of those remaining allegations.

9. Paragraph 9 of the Complaint consists of legal conclusions, to which Defendants are not required to respond.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

**STANDING**

13. Paragraph 13 of the Complaint consists of legal conclusions, to which Defendants are not required to respond. To the extent that Paragraph 13 contains factual allegations, Defendants deny each and every one of those allegations.

**FACTS AND ALLEGATIONS**

14. Defendants admit the allegations of Paragraph 14 of the Complaint.

15. To the extent Paragraph 15 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 15 of the Complaint, Defendants admit: (i) that Cadogan signed one or more recording contracts; (ii) that Third Eye Blind's 1997 self-titled debut album was certified platinum six times; and (iii) that Third Eye Blind's 1997 self-titled debut album sold over six million copies. Defendants deny each and every one of the remaining allegations of Paragraph 15.

**Re-release of the 3eb Debut Album**

16. Answering the allegations of Paragraph 16 of the Complaint, Defendants admit that a 20th anniversary edition of Third Eye Blind's debut album was released and that the said edition included previously unreleased songs. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 16 and, on that basis, deny

each and every one of those remaining allegations.

17. To the extent Paragraph 17 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 17 of the Complaint, Defendants admit that the 4 Sound Recordings were recorded. Defendants deny each and every one of the remaining allegations of Paragraph 17 of the Complaint. To the extent the allegations of Paragraph 17 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

18. To the extent Paragraph 18 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 18 of the Complaint, Defendants deny each and every one of the allegations of Paragraph 18 of the Complaint. To the extent the allegations of Paragraph 18 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

19. To the extent Paragraph 19 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 19 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 19 and, on that basis, deny each and every one of those allegations. To the extent the allegations of Paragraph 19 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

20. To the extent Paragraph 20 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 20 of the Complaint, Defendants admit that the 4 Sound Recordings are distributed by Rhino Entertainment Company, a Warner Music Group Company. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 20 and, on that basis, deny each and every one of those remaining allegations.

21. Defendants deny each and every one of the allegations of Paragraph 21 of the

Complaint.

22. To the extent Paragraph 22 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 22 of the Complaint, Defendants deny that Defendants were required to consult with or seek consent from Cadogan with regards to: (a) exploitation of the 4 Sound Recordings; or (b) entering into any agreement with WB Records or Rhino to exploit the 4 Sound Recordings and deny any and all further remaining allegations of the said Paragraph 22.

23. Answering the factual allegations of Paragraph 23 of the Complaint, Defendants deny that Defendants were required to account to Cadogan for proceeds from the 4 Sound Recordings. Defendants deny each and every one of the remaining allegations of Paragraph 23.

24. Answering the factual allegations of Paragraph 24 of the Complaint, Defendants deny that Defendants were required to account to Cadogan for royalties or advances from the 4 Sound Recordings and deny any and all further remaining allegations of the said Paragraph 24.

25. To the extent Paragraph 25 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 25 of the Complaint, Defendants deny that Cadogan has a right to examine Defendants' books and records, and further deny that Cadogan is owned any money for the 4 Sound Recordings, as alleged or at all. Answering the remaining allegations of the said Paragraph 25, Defendants deny each and every one of the said remaining allegations.

26. To the extent Paragraph 26 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 26 of the Complaint, Defendants deny that Cadogan is owned any money for the 4 Sound Recordings, as alleged or at all. Answering the remaining allegations of the said Paragraph 26, Defendants deny each and every one of the said remaining allegations.

27. Defendants deny each and every one of the allegations of Paragraph 27 of the Complaint, and specifically deny that Cadogan is entitled to an accounting or to compensation for the 4 Sound Recordings, as alleged or at all.

//

**SoundExchange**

28. Answering the allegations of Paragraph 28 of the Complaint, Defendants admit that SoundExchange collects and distributes digital performance royalties. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 28 and, on that basis, deny each and every one of those remaining allegations.

29. Answering the allegations of Paragraph 29 of the Complaint, Defendants admit that SoundExchange collects and distributes digital performance royalties. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 29 and, on that basis, deny each and every one of those remaining allegations.

30. To the extent Paragraph 30 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 30 of the Complaint, Defendants admit that SoundExchange collects and distributes digital performance royalties, and Defendants deny that Cadogan is a "featured artist" on Third Eye Blind sound recordings. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 30 and, on that basis, deny each and every one of those remaining allegations.

31. To the extent Paragraph 31 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 31 of the Complaint, Defendants deny each and every one of the allegations of Paragraph 31 of the Complaint, and specifically deny that Cadogan is a "featured artist" on Third Eye Blind sound recordings.

32. To the extent Paragraph 32 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 32 of the Complaint, Defendants deny: (1) that Cadogan is a "featured artist" on Third Eye Blind sound recordings; and (2) that Cadogan is entitled to "featured artist" royalties collected by SoundExchange for the Sound Recordings. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 32 and, on that basis, deny each and every one of those remaining allegations.

33. Answering the factual allegations of Paragraph 33 of the Complaint, Defendants allege: (1) that Cadogan is not entitled to "featured artist" royalties collected by SoundExchange for the Sound Recordings; (2) that TEB has informed SoundExchange that Cadogan is not entitled to "featured artist" royalties collected by SoundExchange for the Sound Recordings; and (3) that SoundExchange has frozen distribution of TEB's digital performance royalties. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 33 and, on that basis, deny each and every one of those remaining allegations.

34. Defendants deny each and every one of the allegations of Paragraph 34 of the Complaint.

**FIRST CAUSE OF ACTION – DECLARATORY RELIEF – RE-RELEASE**

35. In answer to Paragraph 35 of the Complaint, Defendants incorporate by this reference their responses set forth in Paragraphs 1 through 27.

36. To the extent Paragraph 36 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 36 of the Complaint, Defendants deny: (1) that Cadogan has any rights or duties in or to authorship or copyright ownership of the 4 Sound Recordings; (2) that Cadogan is entitled to ownership of any copyrights in the 4 Sound Recordings; and (3) that Cadogan is entitled to an accounting for, or payment of, monies earned by exploitation of the 4 Sound Recordings, and deny any and all further remaining allegations of the said Paragraph 36, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 36 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

37. To the extent Paragraph 37 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 37 of the Complaint, Defendants deny: (1) that Cadogan has any rights or duties in or to authorship or copyright ownership of the 4 Sound Recordings; (2) that Cadogan is entitled to ownership of

any copyrights in the 4 Sound Recordings; and (3) that Cadogan is entitled to an accounting for, or payment of, monies earned by exploitation of the 4 Sound Recordings, and deny any and all further remaining allegations of the said Paragraph 37, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 37 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

38.     Defendants deny each and every one of the allegations of Paragraph 38 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 38 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

39.     Defendants deny each and every one of the allegations of Paragraph 39 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 39 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

**SECOND CAUSE OF ACTION – ACCOUNTING – RE-RELEASE**

40.     In answer to Paragraph 40 of the Complaint, Defendants incorporate by this reference their responses set forth in Paragraphs 1 through 27.

41.     Defendants deny each and every one of the allegations of Paragraph 41 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 41 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

**THIRD CAUSE OF ACTION – UNJUST ENRICHMENT – RE-RELEASE**

42.     In answer to Paragraph 42 of the Complaint, Defendants incorporate by this reference their responses set forth in Paragraphs 1 through 27.

43. Defendants deny each and every one of the allegations of Paragraph 43 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 43 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

**FOURTH CAUSE OF ACTION – DECLARATORY RELIEF – SOUND EXCHANGE**

44. In answer to Paragraph 44 of the Complaint, Defendants incorporate by this reference their responses set forth in Paragraphs 1 through 15 and 28 through 33.

45. To the extent Paragraph 45 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 45 of the Complaint, Defendants deny: (1) that Cadogan has any right to revenue collected by SoundExchange for the Sound Recordings; (2) that Cadogan is a "featured artist" on the Sound Recordings; and (3) that Cadogan is entitled to "featured artist" royalties collected by SoundExchange for the Sound Recordings, and deny any and all further remaining allegations of the said Paragraph 45, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 45 of the Complaint suggest that rights in and to the Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

46. To the extent Paragraph 46 of the Complaint consists of legal conclusions, Defendants are not required to respond. Answering the factual allegations of Paragraph 46 of the Complaint, Defendants deny: (1) that Cadogan has any right to revenue collected by SoundExchange for the Sound Recordings; (2) that Cadogan is a "featured artist" on the Sound Recordings; and (3) that Cadogan is entitled to "featured artist" royalties collected by SoundExchange for the Sound Recordings, and deny any and all further remaining allegations of the said Paragraph 46, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 46 of the Complaint suggest that rights in and to the Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

47. Defendants deny each and every one of the allegations of Paragraph 47 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 47 of the Complaint suggest that rights in and to the Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

48. Defendants deny each and every one of the allegations of Paragraph 48 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 48 of the Complaint suggest that rights in and to the 4 Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

**FIFTH CAUSE OF ACTION – ACCOUNTING – SOUND EXCHANGE**

49. In answer to Paragraph 49 of the Complaint, Defendants incorporate by this reference their responses set forth in Paragraphs 1 through 15 and 28 through 33.

50. Defendants deny each and every one of the allegations of Paragraph 50 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 50 of the Complaint suggest that rights in and to the Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

**SIXTH CAUSE OF ACTION – ACCOUNTING – SOUND EXCHANGE**

51. In answer to Paragraph 51 of the Complaint, Defendants incorporate by this reference their responses set forth in Paragraphs 1 through 15 and 28 through 33.

52. Defendants deny each and every one of the allegations of Paragraph 52 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to any relief at all. To the extent the allegations of Paragraph 52 of the Complaint suggest that rights in and to the Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

53. Defendants deny each and every one of the allegations of Paragraph 53 of the Complaint, and further deny that Cadogan is entitled to the relief alleged in this paragraph, or to

any relief at all. To the extent the allegations of Paragraph 53 of the Complaint suggest that rights in and to the Sound Recordings are owned, in whole or in part, by Cadogan, Defendants specifically deny each and every one of the said allegations.

**PRAYER FOR RELIEF**

1. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

2. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

3. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

4. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

5. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

6. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

7. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

8. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

9. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

10. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

11. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

12. Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

13.     Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

14.     Defendants deny that Cadogan is entitled to the relief requested in this paragraph, or to any relief at all.

## AFFIRMATIVE DEFENSES

Defendants assert and allege the following affirmative defenses with respect to Plaintiff's claims:

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein fails to state facts sufficient to constitute a claim or a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by the lapse of the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred or limited, in whole or in part, by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred or limited, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred or limited, in whole or in part, by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred or limited, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred or limited, in whole or in part, by

Plaintiff's failure to mitigate some or all of his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by the written agreement of the parties settling USDC, N.D.Cal., Case No. C00 2157 CW, and Superior Court of the State of California, City and County of San Francisco, Case No. CGC-02-406527.

### NINTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith in connection with Plaintiff and his employment as a musician playing with the rock band Third Eye Blind.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff at all times consented to any and all of the allegedly wrongful acts alleged in his Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff at all times ratified any and all of the allegedly wrongful acts alleged in his Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because there is no basis for the exercise of jurisdiction by this Court.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims asserted in the Complaint are not ripe for determination by this Court.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that Plaintiff's damages, if any, are offset by damages suffered by Defendants due to Plaintiff's wrongful acts and omissions.

//

//

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that Defendants' allegedly wrongful conduct was justified under the circumstances and that Plaintiff's claims are barred by the doctrine of justification.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that Plaintiff's Complaint and each cause of action therein is barred by the doctrine of excuse.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that Plaintiff's Complaint and each cause of action therein is barred by Plaintiff's failure to fulfill his contractual obligations.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to the within action and, accordingly, Defendants reserve the right to assert additional defenses if and to the extent such defenses are or become applicable. Defendants specifically reserve the right to assert additional affirmative defenses to the extent that factual bases for such affirmative defenses are discovered during the course of this litigation.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendants; and

3. That Defendants be awarded their attorneys' fees and costs of suit incurred; and

//

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
14

4. For such other relief as the Court may deem just and proper.

DATED: January 25, 2019  DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard Idell
Richard J. Idell
Ory Sandel
*Attorneys for Defendants Stephan Jenkins, individually and doing business as 3EB Publishing, and Third Eye Blind, Inc., a California corporation*

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues raised by Plaintiff's Complaint in this action which are triable by a jury.

DATED: January 25, 2019  DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard Idell
Richard J. Idell
Ory Sandel
*Attorneys for Defendants Stephan Jenkins, individually and doing business as 3EB Publishing, and Third Eye Blind, Inc., a California corporation*