RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
       osandel@dpf-law.com

*Attorneys for Defendants and Counterclaimants
Stephan Jenkins, individually and doing business as
3EB Publishing, and Third Eye Blind, Inc., a
California corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN CADOGAN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHAN JENKINS, an individual; THIRD EYE BLIND, INC., a California corporation; 3EB PUBLISHING, an unknown entity; and DOES 1-20,<br><br>    Defendants.<br><br>STEPHAN JENKINS, an individual; THIRD EYE BLIND, INC., a California corporation,<br><br>    Counterclaimants,<br><br>v.<br><br>KEVIN CADOGAN, an individual; and ROES 1-100,<br><br>    Counterdefendants. | CASE NO. 3:18-CV-06342 (JCS)<br><br>**COUNTERCLAIM OF STEPHAN JENKINS AND THIRD EYE BLIND, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. Joseph C. Spero, Presiding<br><br>(E-filing) |

COME NOW Defendants and Counterclaimants Stephan Jenkins, individually ("Jenkins"), and Third Eye Blind, Inc., a California corporation ("TEB") (collectively,

"Counterclaimants"), and, for their counterclaim against Counterdefendants Kevin Cadogan ("Cadogan" or "Plaintiff") and Roes 1 through 100, inclusive (collectively, "Counter-defendants"), hereby allege as follows:

## NATURE OF ACTION

1. This is an action for declaratory relief, for breach of contract and breach of the implied covenant of good faith and fair dealing, and for cancellation of Counterdefendants' pending submissions for registration of copyrights, being Copyright Office Case Nos. 1-6888889725; 1-6888889683; 1-6888889767; and 1-6888822581, and any resultant registration thereof (the "Copyright Registrations").

2. Counterdefendant Cadogan was a musician in the band Third Eye Blind for a period of time early in the band's history. Cadogan performed on certain of the band's recordings, including the band's first two albums, *Third Eye Blind* (self-titled) and *Blue*, and the "demos" for those albums. Cadogan filed two lawsuits against Counterclaimants and others arising out of his time performing and recording with Third Eye Blind, namely: (1) *Cadogan v. Third Eye Blind, et al.*, being USDC, N.D.Cal., Case No. C00 2157 CW, the Honorable Claudia Wilken presiding ("Cadogan I") and (2) *Cadogan v. Jenkins, et al.*, being Superior Court of the State of California, City and County of San Francisco, Case No. CGC-02-406527 ("Cadogan State Action").

3. Cadogan I and the Cadogan State Action were settled by a written settlement agreement dated June 17, 2002 (the "Settlement Agreement"). The Settlement Agreement required Cadogan to, *inter alia*, waive any right to future royalties, including without limitation songwriters' publishing income royalties, derived from his performances on recordings with Third Eye Blind. Cadogan also released Counterclaimants from any and all claims in the Settlement Agreement. Moreover, in conformity with his obligations under the Agreement, Cadogan and his publishing entity fictitious business name, Cappagh Hill Music, entered into a separate written agreement with Counterclaimants (the "BMG Agreement") pursuant to which Cadogan irrevocably granted to Counterclaimants the rights and copyrights

in and to those compositions appearing on the albums *Third Eye Blind* and *Blue*, as well as certain unreleased compositions.

4. Notwithstanding the Settlement Agreement, the BMG Agreement, and the parties clear intentions to once-and-for-all-time settle all matters between them, including without limitation those matters pertaining to Cadogan's performances on recordings with Third Eye Blind, Cadogan has filed the instant action seeking further compensation, in the form of royalties allegedly due, for Cadogan's performances on the "4 Sound Recordings" and the "Sound Recordings" (as defined in Cadogan's Complaint).[1] Accordingly, by this Counterclaim, Counterclaimants seeks a declaration that Cadogan has no rights in or to any such compensation or royalties, including without limitation digital performance royalties collected and distributed by SoundExchange, Inc.; a declaration that Cadogan's Complaint is barred by the Settlement Agreement and the BMG Agreement; a judicial determination that Cadogan has breached the Settlement Agreement and BMG Agreement; and a judicial determination that Cadogan's Copyright Registrations are cancelled.

## THE PARTIES

5. Counterclaimant Jenkins is and, at all times relevant herein, was an individual residing within the Northern District of California. Jenkins does business under the fictitious business name 3EB Publishing. Jenkins is also the sole officer, director and shareholder of Third Eye Blind, Inc. Jenkins created, formed and founded the rock band Third Eye Blind and is its lead vocalist.

6. Counterclaimant Third Eye Blind, Inc. is and, at all times relevant herein, was a California corporation with its principal place of business located at 901 A Street, Suite C, San Rafael, CA 94901.

//

---

[1] Without admitting the truth of any of the allegations of Plaintiff's Complaint, Counterclaimants incorporate by this reference Cadogan's definitions of these two defined terms.

COUNTERCLAIM AND DEMAND FOR JURY TRIAL

3

7. On information and belief, Counterdefendant Cadogan is and, at all times relevant herein, was an individual, a resident of the City of Berkeley, County of Alameda, and a citizen of the State of California.

8. Counterclaimants are currently ignorant of the true names and capacities of the Counterdefendants sued herein as ROES 1 through 100, inclusive, and therefore sue the said Counterdefendants by fictitious names. Counterclaimants will amend this Counterclaim when the true names and capacities of said Counterdefendants have been ascertained. Counterclaimants are informed and believe, and thereon allege, that said ROES, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to Counterclaimants as herein alleged.

9. Upon information and belief, each and every Counterdefendant herein is or was the agent and/or employee of the remaining defendants, and in doing the things herein alleged acted within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Counterclaimants' claims under 28 U.S.C. §§ 1331 and 1338, in that resolution of Counterclaimants' claims depends on application of the Copyright Act. This Court has supplemental jurisdiction Counterclaimants' breach of contract claim because the claim so related to the other claims in the action that it forms part of the same case or controversy under Article III of the United States Constitution.

11. Counterdefendants, and each of them, are located within the State of California, and either directly or through their agents transacted business in the State of California and within this judicial district, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

12. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391, as Counterdefendants are residents of, and doing business in, this judicial district and

therefore may be found in this district, as a substantial part of the events giving rise to Counterclaimants' claims alleged herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Settlement of Prior Litigation**

13. On or about March 8, 2001, Cadogan filed Cadogan I. The complaint in Cadogan I alleged, *inter alia*, that Cadogan and Jenkins had formed Third Eye Blind as a "partnership"; that Cadogan and Jenkins owned equal shares of the assets of the alleged "partnership"; that Cadogan and Jenkins would be compensated equally for "net artist royalties"; that Third Eye Blind recorded three demo tapes between 1994 and 1996; and that certain of the Cadogan I defendants fraudulently induced Cadogan to sign documents, including a recording contract, that deprived Cadogan of his alleged share of the "partnership. On that basis, the complaint in Cadogan I alleged claims against Jenkins, Third Eye Blind, Inc. and others for breach of contract, breach of fiduciary duty, fraud, dissolution of the alleged "partnership" and other claims.

14. On or about April 10, 2002, Cadogan filed the Cadogan State Action. The complaint in the Cadogan State Action alleged, *inter alia*, that Cadogan was not receiving royalties, including without limitation "performance royalties" and songwriter publishing royalties, as agreed between, in pertinent part, Jenkins, on the one hand, and Cadogan, on the other hand. On that basis, the complaint in the Cadogan State Action alleged claims against Jenkins for fraud, breach of contract and negligence.

15. Cadogan I and the Cadogan State Action were resolved by the parties entering into the Settlement Agreement. The Settlement Agreement provided, in pertinent part: (1) that Cadogan give a general release to Jenkins and his companies, including without limitation Third Eye Blind, Inc.; (2) that Cadogan dismiss with prejudice Cadogan I and the Cadogan State Action; (3) that Cadogan release Jenkins from any obligation to pay to Cadogan any percentage of Jenkins' songwriter publishing income; (4) that Cadogan waive any and all entitlement to royalties received in the future by Jenkins or his companies for Third Eye

Blind's first two albums and any other recordings containing songs recorded by Cadogan with Jenkins. The Settlement Agreement was a final resolution of any and all claims between the parties.

16. Notwithstanding the Settlement Agreement, and Cadogan's subsequent acts in conformity with its terms, including without limitation Cadogan's execution of the BMG Agreement, Cadogan has now filed this action seeking relief barred by the Settlement Agreement.

**Cadogan Prohibited From Use of Third Eye Blind Names**

17. Moreover, the Settlement Agreement prohibits Cadogan from using, or causing to be used, the names or marks "Third Eye Blind" and "3EB", and specifically prohibited Cadogan from referring to himself in recordings, performances or advertising as "formerly Third Eye Blind" or as "a former member of Third Eye Blind" or any other similar designation.

18. Notwithstanding the prohibition set forth in the Settlement Agreement, since the date of the Settlement Agreement, Cadogan has used, and continues to use, the names or marks "Third Eye Blind" and "3EB", including without limitation by referring to himself in recordings, performances and/or advertising as "formerly Third Eye Blind" or as "a former member of Third Eye Blind" or similar designations.

**Cadogan's Copyright Registrations**

19. Paragraph 19 of Cadogan's Complaint in this action alleges that "Cadogan filed copyright registrations with United States Copyright Office for the 4 Sound Recordings on or about August 27, 2018. The aforementioned registrations denote Cadogan, Salazar and Jenkins as the joint authors and owners of the copyright in the 4 Sound Recordings."

20. Upon inquiry, Counterclaimants discovered that the alleged "copyright registrations" were, in fact, pending submissions for registration of copyrights, and that the applications were assigned Copyright Office Case Nos. 1-6888889725; 1-6888889683; 1-6888889767; and 1-6888822581.

21. The Copyright Registrations are, and at all times were, fraudulent. Cadogan is not an author and/or owner of the copyrights in the 4 Sound Recordings and/or all other recordings, and/or any other recordings, of Third Eye Blind.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF – SETTLEMENT AGREEMENT

22. Counterclaimants hereby incorporate by reference Paragraphs 1 to 21 of this Counterclaim as though the same were set forth herein.

23. An actual controversy exists between Counterclaimants, on the one hand, and Counterdefendants, on the other hand. Counterclaimants contend that the Settlement Agreement, and Counterdefendants' subsequent conduct in conformity therewith, act as an absolute bar to Plaintiff's Complaint in this action. On information and belief, Counterdefendants, and each of them, dispute this contention.

WHEREFORE, Counterclaimants pray for relief as follows:

1. For a judicial determination that the Settlement Agreement, and Counterdefendants' subsequent conduct, act as an absolute bar to Plaintiff's Complaint in this action;
2. For attorneys' fees and costs of suit;
3. For such other and further relief as the Court may deem proper in the premises.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF – SOUNDEXCHANGE ROYALTIES

24. Counterclaimants hereby incorporate by reference Paragraphs 1 to 23 of this Counterclaim as though the same were set forth herein.

25. An actual controversy exists between Counterclaimants, on the one hand, and Counterdefendants, on the other hand. Counterclaimants contend that all royalties generated by Third Eye Blind recordings, including without limitation the Sound Recordings, are payable to Third Eye Blind, Inc. only. On information and belief, Counterdefendants, and each of them, dispute this contention.

WHEREFORE, Counterclaimants pray for relief as follows:

1. For a judicial determination that all royalties generated by Third Eye Blind recordings, including without limitation the Sound Recordings, are payable to Third Eye Blind, Inc. only;

2. For attorneys' fees and costs of suit;

3. For such other and further relief as the Court may deem proper in the premises.

## THIRD CAUSE OF ACTION

## CANCELLATION OF COPYRIGHT REGISTRATIONS

26. Counterclaimants hereby incorporate by reference Paragraphs 1 to 25 of this Counterclaim as though the same were set forth herein.

27. At the time of the submission of the Copyright Registrations, Counterdefendants had no copyright interest in or to the 4 Sound Recordings. Accordingly, the Copyright Registrations are and, at all relevant times, were invalid and void *ab initio*, and the Copyright Registrations are therefore unenforceable. Counterdefendants nevertheless improperly registered the 4 Sound Recordings with the Copyright Office despite knowledge of Counterdefendants' lack of rights therein, and the Copyright Registrations should therefore be canceled. Based upon the foregoing, Counterclaimants are entitled to an order canceling the Copyright Registrations.

WHEREFORE, Counterclaimants pray for relief as follows:

1. For a judicial order canceling the Copyright Registrations;

2. For attorneys' fees and costs of suit;

3. For such other and further relief as the Court may deem proper in the premises.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

28. Counterclaimants hereby incorporate by reference Paragraphs 1 to 27 of this Counterclaim as though the same were set forth herein.

//

29. Counterclaimants and Counterdefendants entered into the Settlement Agreement and the BMG Agreement.

30. Counterclaimants have performed all obligations required of them under the Settlement Agreement and the BMG Agreement, except those obligations Counterclaimants were prevented from, or excused from, performing.

31. Counterdefendants, and each of them, breached the Settlement Agreement and the BMG Agreement by, *inter alia*: (1) demanding royalties, including without limitation songwriters' publishing income royalties, derived from Cadogan's performances on recordings with Third Eye Blind; and (2) asserting rights and copyrights in and to those compositions appearing on the albums *Third Eye Blind* and *Blue*, as well as certain unreleased compositions, all as alleged in Cadogan's Complaint in this action; as well as (3) using the names or marks "Third Eye Blind" and "3EB", including without limitation by referring to Cadogan in recordings, performances and/or advertising as "formerly Third Eye Blind" or as "a former member of Third Eye Blind" or similar designations.

32. As a direct result of Counterdefendants' breach of the Settlement Agreement and the BMG Agreement, Counterclaimants have suffered economic damages in an amount presently unknown but which is in excess of the jurisdiction of this Court. Counterdefendants will seek leave to amend this Counterclaim once the amount of damages is ascertained.

WHEREFORE, Counterclaimants pray for relief as follows:

1. For monetary damages according to proof at trial;
2. For interest on damages, according to law;
3. For attorneys' fees reasonably incurred in an amount sufficient to fully reimburse Counterclaimants;
4. For costs of suit;
5. For such other and further relief as the Court may deem proper in the premises.

//
//

# FIFTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

33. Counterclaimants hereby incorporate by reference Paragraphs 1 to 32 of this Counterclaim as though the same were set forth herein.

34. The Settlement Agreement and the BMG Agreement each include an implied covenant of good faith and fair dealing on the part of the parties thereto.

35. Counterclaimants have performed all obligations required of them under the Settlement Agreement and the BMG Agreement, except those obligations Counterclaimants were prevented from, or excused from, performing.

36. By filing this action, in which Cadogan alleges rights to royalties derived from Cadogan's performances on recordings with Third Eye Blind and rights and copyrights in and to those compositions appearing on the albums *Third Eye Blind* and *Blue*, as well as certain unreleased compositions, as well as by using the names or marks "Third Eye Blind" and "3EB", including without limitation by referring to Cadogan in recordings, performances and/or advertising as "formerly Third Eye Blind" or as "a former member of Third Eye Blind" or similar designations, Counterdefendants have dealt unfairly with Counterclaimants by consciously and deliberately acting, in bad faith, to unfairly frustrate the plain terms of the Settlement Agreement and the BMG Agreement, and have disappointed the reasonable expectations of Counterclaimants thereunder.

37. As a proximate result of Counterdefendants' breach of the implied covenant of good faith and fair dealing, Counterclaimants have suffered economic damages in an amount presently unknown but which is in excess of the jurisdiction of this Court. Counterdefendants will seek leave to amend this Counterclaim once the amount of damages is ascertained.

38. In doing the things herein alleged, Counterdefendants, and each of them, acted willfully, oppressively, fraudulently and maliciously, and with a conscious disregard of the rights of Counterclaimants and, accordingly, Counterclaimants are entitled to recovery of punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, Counterclaimants pray for relief as follows:

1. For monetary damages according to proof at trial;
2. For exemplary damages in an amount to be determined by the trier of fact;
3. For interest on damages, according to law;
4. For attorneys' fees reasonably incurred in an amount sufficient to fully reimburse Counterclaimants;
5. For costs of suit;
6. For such other and further relief as the Court may deem proper in the premises..

DATED: January 25, 2019     DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard Idell
Richard J. Idell
Ory Sandel
*Attorneys for Defendants and Counterclaimants Stephan Jenkins, individually and doing business as 3EB Publishing, and Third Eye Blind, Inc., a California corporation*

## **DEMAND FOR JURY TRIAL**

Counterclaimants hereby demand a trial by jury on all issues raised by their Counterclaim in this action which are triable by a jury.

DATED: January 25, 2019     DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard Idell
Richard J. Idell
Ory Sandel
*Attorneys for Defendants and Counterclaiants Stephan Jenkins, individually and doing business as 3EB Publishing, and Third Eye Blind, Inc., a California corporation*